UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN JOHNSON,

    Petitioner,                                    Case Number 15-11605
                                                    Honorable David M. Lawson

v.

STATE OF MICHIGAN and UNITED
STATES OF AMERICA,

    Respondents.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Steven Johnson, presently confined at the United States Penitentiary Atwater in Atwater, California, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. This is the petitioner's third petition filed in this district. On April 21, 2015, Judge Borman summarily dismissed his petition for lack of jurisdiction because the petitioner was incarcerated in California. *See Johnson v. Warden*, No. 15-10889 (E.D. Mich. Apr. 21, 2015). Judge Michelson summarily dismissed his second petition because it was identical to his earlier petition. *See Johnson v. United States of America*, No. 15-11280 (E.D. Mich. Apr. 15, 2015). It is not clear from the face of the petitioner's present petition the basis for his challenge to his judgment, the judgment he is challenging, or whether he is challenging the same judgment as his prior two petitions. Nevertheless, the Court must summarily dismiss the petition because the Court lacks jurisdiction.

Upon receipt of a habeas petition, a federal court must "promptly examine [the] petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). "Federal

courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (stating that Rule 4 allows the summary dismissal of a petition if it plainly appears that the petitioner is not entitled to relief).

The petitioner's pleading is legally insufficient on its face because the Court does not have jurisdiction over the respondent. "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner],'" that is, "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Thus, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id*. at 443; *see also* 28 U.S.C. § 2241(a) (stating that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions"). Because the petitioner is incarcerated in California, the petitioner does not have jurisdiction over the respondent. The Court therefore will summarily dismiss the petitioner's habeas petition without prejudice.

Accordingly, it is **ORDERED** that the petitioner's petition for habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

                                                 s/David M. Lawson
                                                 DAVID M. LAWSON
                                                 United States District Judge

Dated: August 5, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 5, 2015.

                                            s/Susan Pinkowski
                                            SUSAN PINKOWSKI